IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

DEMANDWARE, INC.,                                   Case No:  13-cv-5617 (TPG)

                Plaintiff,


                v.

THE FINISH LINE USA, INC.,

                Defendant.

_____

## DEMANDWARE'S ANSWER TO FINISH LINE'S COUNTERCLAIM

      Plaintiff/Defendant-on-Counterclaim, Demandware, Inc. ("Demandware"), hereby answers the counterclaim of Defendant/Plaintiff-on-Counterclaim, The Finish Line USA, Inc. ("Finish Line") as follows:

### COUNTERCLAIMS

#### Background Facts

      50.    Demandware admits that Finish Line sells athletic shoes, apparel and accessories at retail and is without knowledge or information sufficient to form a belief as to the truth of the other allegations in ¶50 of the counterclaim.

      51.    Demandware is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶51 of the counterclaim.

      52.    Demandware is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶52 of the counterclaim.

      53.    Admitted.

54.     Demandware admits that Finish Line and it are parties to the Statement of Work, which is incorporated by reference into the Master Subscription and Services Agreement (the "Agreement").  Demandware denies that Exhibit B attached to Finish Line's Answer and Counterclaim is a complete copy of the Statement of Work to which Demandware is a party.

55.     Demandware admits that the Agreement and Statement of Work contain the parties' rights and obligations and denies all other allegations in ¶55 of the counterclaim relating thereto, including that any discussions between the parties prior to the execution of the Agreement and Statement of Work created additional rights or imposed additional obligations.

56.     Demandware admits that the Agreement and Statement of Work contain the parties' rights and obligations and denies all other allegations in ¶56 of the counterclaim.

57.     Demandware admits that it was aware that Finish Line desired a website prior to the 2012 holiday sales season.  Demandware also admits that the Agreement and Statement of Work contain the parties' rights and obligations and denies all other allegations in ¶57 of the counterclaim relating thereto.  Demandware is without knowledge or information sufficient to form a belief as to the meaning, scope, and limitations of the phrase "a complete and functional website," and, hence, denies the allegations set forth in this paragraph relating thereto. Demandware denies all other allegations in ¶57 of the counterclaim, including that Demandware was solely responsible to provide such a website to Finish Line prior to the 2012 holiday sales season.

58.     Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶58 of the counterclaim relating thereto.  Demandware is without knowledge or information sufficient to form a belief as to the meaning, scope, and limitations of the phrase "the website."  Demandware

denies all other allegations in ¶58 of the counterclaim, including that it made the unqualified assurance alleged therein.

59. Demandware admits that, after the Agreement and Statement of Work were executed, Finish Line advised Demandware of Finish Line's desire to have the work under these agreements completed prior to the 2012 holiday sales season. Demandware, however, denies that it had any obligation to complete the work other than as set forth in the Agreement and Statement of Work. Demandware denies all other allegations in ¶59 of the counterclaim.

60. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶60 of the counterclaim relating thereto. Demandware is without knowledge or information sufficient to form a belief as to the meaning, scope, and limitations of the phrase "the website." Demandware denies all other allegations in ¶60 of the counterclaim, including that it made the unqualified assurance described therein.

61. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶61of the counterclaim.

62. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶62 of the counterclaim.

63. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶62 of the counterclaim.

64. Demandware admits that Finish Line made partial payments under the terms of the Agreement and Statement of Work and denies all other allegations in ¶64 of the counterclaim.

65. Denied.

66. Denied.

## I. Demandware's [Alleged] Failure to Properly Staff the Project

67. Demandware admits that the Agreement and the Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶67 of the counterclaim.

68. Denied.

69. Denied.

70. Demandware is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding difficulty in communicating with the lead developer allegedly experienced by Finish Line employees and denies all other allegations in ¶70 of the counterclaim.

## II. Demandware [Allegedly] Caused Delays in the Project

71. Denied.

72. Demandware admits that the Agreement and the Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶72 of the counterclaim relating thereto.  Demandware admits that it requested and Finish Line failed to provide the materials, as agreed, necessary to build the website.  Demandware denies all other allegations in ¶72 of the counterclaim.

73. Demandware admits that certain functionalities were removed from the website pursuant to Finish Line's authorization and denies all other allegations in ¶73 of the counterclaim.

74. Demandware admits that the Agreement and the Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶74 of the counterclaim relating thereto.  Demandware further admits that the parties discussed, agreed on, and implemented modifications to the project which were not memorialized in a document entitled "Change Order."  Demandware denies all other allegations in ¶74.

**III.    Demandware [Allegedly] Failed to Perform Sufficient Prelaunch Testing**

75. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶75 of the counterclaim.

76. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶76 of the counterclaim, including that it breached the Agreement and Statement of Work in the manner described therein.

77. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶77 of the counterclaim.

78. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶78 of the counterclaim.

79. Denied.

80. Denied.

81. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶81 of the counterclaim.

82. Denied.

83. Demandware is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of ¶83 of the counterclaim as to what is "typical" for Finish Line.  Demandware denies all other allegations in ¶83 of the counterclaim.

84. Denied.

### IV. Demandware [Allegedly]Recommends the Website Be Launched Despite Its Inadequate Testing

85. Admitted.

86. Denied.

87. Demandware is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶87 of the counterclaim.

88. Denied.

89. Demandware denies that it made any assurances "that the website was scalable and that the website would be able to handle Finish Line's customer demand."  Demandware is without knowledge or information sufficient to form a belief as to the truth of the other allegations in ¶89 of the counterclaim.

90. Demandware admits that the website provided for in the Agreement and Statement of Work was launched and accessible to Finish Line's customers beginning on November 16, 2012.  Demandware denies all other allegations in ¶90 of the counterclaim.

6

91. Demandware is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding what Finish Line "would" have done and denies all other allegations in ¶91 of the counterclaim.

## V. The Website Delivered By Demandware Was [Allegedly] Substandard

92. Denied.

### A. Demandware [Allegedly] Failed to Provide Required Website Functionalities

93. Denied.

### B. Demandware's Website [Allegedly] Was Poorly Coded Causing Numerous Customer Problems

94. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶94 of the counterclaim.

95. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and that it performed its obligations thereunder.  Demandware denies all other allegations in ¶95 of the counterclaim.

96. Demandware admits that it provided Finish Line with formal specifications for web service calls and denies all other allegations in ¶95 of the counterclaim.

97. Denied.

98. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶98 of the counterclaim.

99. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and that it performed its obligations thereunder.  Demandware denies all allegations in ¶99 of the counterclaim.

7

100. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶100 of the counterclaim.

101. Demandware admits that, initially, there was a third party integration issue that affected the website's ability to properly debit customer's gift cards.  Demandware denies this temporary issue was a breach of the Agreement or Statement of Work.  Demandware denies all other allegations in ¶101 of the counterclaim.

102. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶102 of the counterclaim.

103. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶103 of the counterclaim relating thereto.  Demandware also admits that, initially, there was an integration issue affecting Discover Card transactions where the three-digit CVV code was not passed on as part of the transaction, which was quickly resolved.  Demandware denies this temporary issue constituted a material breach of the Agreement or Statement of Work.  Demandware denies all other allegations in ¶103 of the counterclaim.

104. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶104 relating thereto.  Demandware admits that, initially, there was an integration issue affecting credit card authorizations involving "ending zeros," whereby credit card authorizations were submitted for a fraction (1% or 10%) of the correct order total, which was quickly resolved.

Demandware denies this temporary issue constituted a material breach of the Agreement or Statement of Work.  Demandware denies all other allegations in ¶104 of the counterclaim.

105. Demandware is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶105 of the counterclaim but denies that it made coding errors as alleged that caused Finish Line to lose a substantial amount of revenue.

106. Demandware is without knowledge or information sufficient to form a belief as to the truth of the allegation in ¶106 of the counterclaim, but denies that any act or omission by Demandware caused Finish Line to incur such expenses.

**C.  The Website [Allegedly] Failed to Properly Integrate With Finish Line and Third-Party Services**

107. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶107 of the counterclaim.

108. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶108 of the counterclaim.

109. Denied.

110. Denied.

111. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶111 relating thereto.  Demandware admits that ReD is a third-party vendor that provides fraud prevention services related to online credit card payments.  Demandware denies all other allegations in ¶111 of the counterclaim.

112. Denied.

9

113. Demandware is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding ReD's direct interactions with Finish Line. Demandware denies all other allegations in ¶113 of the counterclaim.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Demandware is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding the volume of "order numbers which proceeded to the payment verification phase of an order" versus "actual orders were submitted to Finish Line." Demandware denies all other allegations in ¶118 of the counterclaim.

119. Denied.

120. Denied.

**D.     The Website [Allegedly] Submitted Incomplete or Incorrect Orders as Final Orders**

121. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶121 of the counterclaim.

122. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and that it performed its obligations thereunder. Demandware denies all other allegations in ¶122 relating thereto. Demandware also admits that, during the course of development, various formats for final orders were selected and utilized by Demandware. Demandware denies all other allegations in ¶122 of the counterclaim.

123. Demandware is without knowledge or information sufficient to form a belief as to the truth of allegations concerning Finish Line's contact with customers. Demandware denies all other allegations in ¶123 of the counterclaim.

124. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all allegations in ¶124 of the counterclaim relating thereto. Demandware admits that some orders submitted via the website to Finish Line for fulfillment may have included a negative amount as the applicable sales tax, but states that tax calculations were performed by a third party which had been selected and engaged by Finish Line. Demandware is without knowledge or information sufficient to form a belief as to the truth of allegations concerning Finish Line's alleged actions concerning these alleged orders. Demandware denies all other allegations in ¶124 of the counterclaim.

125. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all other allegations in ¶125 of the counterclaim relating thereto. Demandware admits that some orders submitted to Finish Line for fulfillment via the website may have included a total tax amount which did not constitute the correct total of the various tax subcomponents, but states that tax calculations were performed by a third party which had been selected and engaged by Finish Line. Demandware denies this third party issue could or did constitute a breach of the Agreement or Statement of Work. Demandware denies all other allegations in ¶125 of the counterclaim.

126. Denied.

127. Denied.

**VI.   Demandware [Allegedly] Admits Its Material Breaches of the Agreement and Statement of Work**

11

128. Demandware denies that there were deficiencies or flaws in the website constituting material breaches of the Agreement or the Statement of Work and is without knowledge or information sufficient to form a belief as to the truth of the other allegations in ¶128 of the counterclaim.

129. Demandware admits that it attempted to respond constructively to any complaints made by Finish Line and denies all other allegations in ¶129 of the counterclaim.

130. Demandware admits that Finish Line notified Demandware on December 6, 2012 that it was terminating its use of the website and thereafter demanded that Demandware take down the website. Demandware denies all other allegations in ¶130 of the counterclaim.

131. Denied.

132. Demandware admits that Demandware and the Finish Line engaged in discussions after the website was launched and after Finish Line wrongfully directed Demandware to take the website down. Demandware denies all other allegations in ¶132 of the counterclaim.

133. Demandware admits that Demandware allocated a "Tiger Team" to the project during the development of the website. Demandware denies all other allegations in ¶133 of the counterclaim.

134. Denied.

135. Denied.

136. Demandware admits that the Agreement and Statement of Work speak for themselves as to the parties' rights and obligations and denies all allegations in ¶136 of the counterclaim relating thereto. Demandware admits that Demandware stated that integrations with third parties–which had been selected and engaged by Finish Line–and Finish Line's services impacted the website's performance. However, Demandware denies any implications

that Demandware was at fault for such impact to site performance, to the extent that any occurred. Demandware denies all other allegations in ¶136 of the counterclaim.

137. Demandware admits that, after Finish Line wrongfully compelled Demandware to take down the website, Demandware engaged in discussions with Finish Line during which it noted that integrations with third parties–which had been selected and engaged by Finish Line– and Finish Line's service were slow and timing out. However, Demandware denies any implications that Demandware was at fault for such slow or timing out integrations, to the extent that any occurred. Demandware denies all other allegations in ¶137 of the counterclaim.

138. Demandware admits that, after Finish Line wrongfully compelled Demandware to take down the website, Demandware engaged in discussions with Finish Line during which it noted "poor error handling of integration connections." However, Demandware denies any implications that Demandware was at fault for such poor error handling of integration connections, to the extent that any occurred. Demandware denies all other allegations in ¶138 of the counterclaim.

139. Demandware admits that, after Finish Line wrongfully compelled Demandware to take down the website, Demandware engaged in discussions with Finish Line during which it noted "customization code problems" which were related to "excessive and not necessary" "database queries" and "integration calls." However, Demandware denies any implications that Demandware was at fault for such customization code problems, to the extent that any occurred. Demandware denies all other allegations in ¶139 of the counterclaim.

140. Demandware admits discussing the sufficiency of the scope of prelaunch testing with Finish Line but denies that Demandware's prelaunch testing was insufficient. Demandware denies all other allegations in ¶140 of the counterclaim.

**VII.    [Finish Line Alleges that] Demandware's Proposed Solution for Fixing the Website Was Unacceptable**

141.    Demandware admits that it submitted a proposal to Finish Line for the implementation of a re-launch project with a changed scope and an increased degree of complexity.  Demandware denies all other allegations in ¶141 of the counterclaim.

142.    Demandware admits that it submitted a proposal to Finish Line for the implementation of a re-launch project with a changed scope and an increased degree of complexity.  Demandware denies all other allegations in ¶142 of the counterclaim.

143.    Demandware admits that Demandware submitted a proposal to Finish Line containing a term of forty-eight weeks for the implementation of a re-launch project with a changed scope and an increased degree of complexity.  Demandware denies all other allegations in ¶143 of the counterclaim.

144.    Demandware admits that Demandware estimated it would cost over $1 million to implement a re-launch of the project with a changed scope and an increased degree of complexity.  Demandware denies all other allegations in ¶144 of the counterclaim.

145.    Demandware admits that Demandware's proposal noted a dependency on Finish Line maintaining SPA configuration for traffic management to which Demandware would build an integration.  Demandware denies all other allegations in ¶ 145 of the counterclaim.

## Count One

## Breach of Contract

146.    Demandware repeats and realleges its responses above to the allegations in ¶¶50-145 of the counterclaim.

147.    Admitted.

148.    Denied.

149. Denied.

150. Denied.

151. Denied.

## Count Two

### Breach of the Implied Duty of Good Faith and Fair Dealing

152. Demandware repeats and realleges its responses above to the allegations in ¶¶50-151 of the counterclaim.

153. Admitted.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

## Count Three

### Rescission

158. Demandware repeats and realleges its responses above to the allegations in ¶¶50-157 of the counterclaim.

159. Demandware admits that Finish Line is seeking rescission but denies that Finish Line is entitled to such a remedy or that Finish Line has stated a claim for rescission upon which relief can be granted.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165.    The allegations of this paragraph constitute conclusions of law to which no response is required and to the extent that a response is required Demandware denies all allegations in ¶165 of the counterclaim.

## AFFIRMATIVE DEFENSES

Demandware does not waive any defenses and reserves the right to amend its Answer as necessary once the precise nature of the relevant circumstances and/or events is determined through discovery.

## FIRST AFFIRMATIVE DEFENSE

Finish Line fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Demandware met all of its contractual and legal duties with respect to Finish Line.

## THIRD AFFIRMATIVE DEFENSE

Finish Line has not suffered any injury or damage caused by any act or omission of Demandware.

## FOURTH AFFIRMATIVE DEFENSE

Finish Line's claims are barred, in whole and in part, because the harm alleged by Finish Line, to the extent that any such harm occurred, was caused by itself and/or third parties not within the control of Demandware.

## FIFTH AFFIRMATIVE DEFENSE

Finish Line's claims are barred, in whole or in part, by the provisions of the Agreement excluding consequential and related damages, which expressly exclude recovery of lost profits and/or revenue, loss of use, and any costs or expenses arising from the procurement of substitute goods or services.

### SIXTH AFFIRMATIVE DEFENSE

Finish Line's claims are barred, in whole or in part, by the terms of the Agreement and/or the Statement of Work.

### SEVENTH AFFIRMATIVE DEFENSE

Finish Line's claims for breach of contract are barred by the non-occurrence of necessary conditions precedent specified in the Agreement and/or the Statement of Work.

### EIGHTH AFFIRMATIVE DEFENSE

Finish Line's claims are barred, in whole or in part, by the limitation of liability agreed to by the parties in the Agreement and/or the Statement of Work.

### NINTH AFFIRMATIVE DEFENSE

Finish Line's claims are barred, in whole or in part, by Demandware's disclaimer of representations and/or warranties agreed to by the parties in the Agreement and/or the Statement of Work.

### TENTH AFFIRMATIVE DEFENSE

Finish Line's claims are barred, in whole or in part, by the exclusive termination provisions agreed to by the parties in the Agreement and/or the Statement of Work.

### ELEVENTH AFFIRMATIVE DEFENSE

Finish Line's claims are barred, in whole and in part, by Finish Line's improper and unlawful termination of the Agreement and/or Statement of Work.

### TWELFTH AFFIRMATIVE DEFENSE

Finish Line's claims are barred, in whole and in part, by Finish Line's unreasonable rejection of Demandware's plan to cure alleged material breaches of the Agreement and/or Statement of Work, to the extent that any such breaches occurred.

### THIRTEENTH AFFIRMATIVE DEFENSE

Finish Line's claims are barred, in whole and in part, by Finish Line's material breach of the Agreement and/or Statement of Work.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any non-performance of obligations due under the Agreement or Statement of Work by Demandware was justified by Finish Line's prior material breach of those agreements.

### FIFTEENTH AFFIRMATIVE DEFENSE

Finish Line's claims are barred, in whole and in part, by Finish Line's improper and unlawful anticipatory repudiation of the Agreement and/or Statement of Work.

### SIXTEENTH AFFIRMATIVE DEFENSE

Finish Line's claims are barred, in whole and in part, because rescission is not an appropriate remedy.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Finish Line has failed to mitigate its damages, if any.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Finish Line's recoverable damages, if any, must be reduced by any amounts Finish Line is obligated to pay to Demandware under the doctrine of set-off.

### NINETEENTH AFFIRMATIVE DEFENSE

Finish Line's claims are barred, in whole and in part, by the merger doctrine.

### TWENTIETH AFFIRMATIVE DEFENSE

Finish Line's claims are barred, in whole or in part, by the doctrines of estoppel, and/or unclean hands, and/or ratification, and/or waiver.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Finish Line's claims are barred, in whole and in part, because Finish Line breached the terms of oral modifications to the Agreement and/or Statement of Work to which both parties agreed and on which Demandware relied to its detriment.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Finish Line's claims are barred, in whole and in part, because Demandware performed on the terms of oral modifications to the Agreement and/or Statement of Work to which both parties agreed and on which Demandware relied to its detriment.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Finish Line's claims are barred, in whole and in part, by the doctrine of equitable estoppel whereby Finish Line may not induce Demandware's reliance upon oral modifications to the scope of the Agreement and then subsequently assert provisions of the Agreement precluding oral modification of contract to bar proof of Demandware's performance and/or Finish Line's breach of the oral modifications.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Finish Line's claims are barred, in whole and in part, because they are impermissibly based on conduct, statements, and offers made during the course of settlement negotiations.

WHEREFORE, plaintiff/defendant-on-counterclaim, Demandware, Inc., requests the entry of a final judgment in its favor dismissing all counts of the counterclaim with prejudice and with costs and attorneys' fees, as allowed by law, and such other and further relief as this Court deems fair and just.

Dated: New York, New York         WILMER CUTLER PICKERING HALE AND DORR

December 6, 2013                  *Attorneys for Plaintiff, Demandware, Inc.*



                                  By: /s/ Robert D. Cultice
                                      Robert D. Cultice
                                      Wilmer, Cutler, Hale & Dorr, LLP
                                      60 State Street
                                      Boston, MA 02109
                                      617 526 6000
                                      Fax:  617 526 5000
                                      Email:  Robert.Cultice@wilmerhale.com

                                      Robert Walter Trenchard
                                      Wilmer, Cutler, Hale & Dorr, LLP
                                      7 World Trade Center
                                      250 Greenwich Street
                                      New York, NY 10007
                                      212-230-8867
                                      Fax:  212-230-8888
                                      Email:  robert.trenchard@wilmer.com