```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/1/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEMANDWARE, INC.,

    Plaintiff,

v.

THE FINISH LINE USA, INC.,

    Defendant.

13-cv-5617 (TPG)

Electronically Filed

---

## STIPULATED PROTECTIVE ORDER

WHEREAS the parties consider certain information and documents in their possession to be confidential and proprietary and, therefore, mutually desire that a protective order limiting use, access to and disclosure of such information and documents be entered, it is hereby ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure as follows:

1.    This Protective Order (the "Order") shall govern the disclosure and/or production of any information, documents and tangible things in connection with the above-captioned civil action ("the Action").

2.    Any party providing discovery in the Action may designate any discovery material either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" as described below. Discovery material includes but is not limited to any document, interrogatory answer, deposition testimony, response to requests for admission or other information obtained through any means of pre-trial discovery.

3.    A party may designate as "CONFIDENTIAL" any discovery material that contains or reflects confidential, non-public, proprietary, research, development or commercial information of an individual or entity (including technological, financial, personal and business

information) that the party (or any predecessor in interest to the party) regards as confidential. CONFIDENTIAL material shall not include materials that have been disclosed to the public by the designating party. CONFIDENTIAL material as used in this Order shall refer to the original and copies of any so designated documents, testimony or other discovery material, and shall also refer to the information contained in such material. All notes, extracts and summaries of CONFIDENTIAL material shall be considered CONFIDENTIAL material and be subject to the terms of this Order.

4. To the extent reasonably possible, each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under this Order. The parties agree, however, that where it would not be cost effective to review every document for confidentiality issues, the parties may designate an entire group of documents as confidential, including, but not limited to, e-mails or other electronically stored information.

5. Any party providing discovery in this action may designate as "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" any discovery material that such party reasonably and in good faith believes is so highly sensitive that its disclosure would provide the recipient significant business or financial advantages. HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information includes without limitation: proprietary business information; proprietary technology; sensitive business information; trade secrets; sensitive non-public patent prosecution materials; non-public licensing information; non-public technical documents; and other information with a similar degree of confidentiality and value. HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY material as used in this Order shall refer to the original and copies of any so designated document, testimony or other discovery material, and

-2-

shall also refer to the information contained in such material. All notes, extracts and summaries of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY material shall be considered HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY material and be subject to the terms of this Order..

6. In designating information as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, a party shall make such a designation only as to highly sensitive material that such party in good faith believes constitutes such material as matter used by it in, or pertaining to, its business, and that: (a) is material that is not generally known or otherwise available to the public; (b) is material that the party would normally not reveal to third parties or would cause third parties to maintain in confidence; or (c) is material otherwise entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

7. A party designating material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" shall affix those words clearly on each page or portion of the discovery material designated for protection. In lieu of marking the original of a document, if the original is not produced, the producing party may mark the copies that are exchanged or produced.

8. Protected Material shall be maintained in confidence by the party or other authorized person to whom such material is produced or given. Material designated "CONFIDENTIAL" under paragraph 3 above may be disclosed only to the following persons, except upon the prior written consent of the producing party or further order of this Court:

   (a) Outside attorneys for the parties, and their partners, associates, paralegals, secretaries, employees and outsourced attorneys retained by the law firm to work on this matter, as well as any administrative staff retained by such counsel, such as outside copying, graphic, or design services, or vendors providing hosting or other technology-related services;

-3-

(b) The parties or their officers, directors, and employees, to the extent necessary for the prosecution or defense of this action;

(c) In-house attorneys employed by a party provided such attorney or attorneys are actively working on or are responsible for this case;

(d) Trial consultants and experts (testifying and non-testifying) provided that such consultants and experts execute an Agreement To Be Bound By Protective Order in the form attached hereto as Exhibit A, but only if those persons are not shareholders, officers, directors or employees of a party to this action;

(e) Deposition and trial witnesses, provided that if they are shown documents to which they are not an author or recipient, they execute an Agreement To Be Bound By Protective Order in the form attached hereto as Exhibit A;

(f) Translators of or into foreign languages who are not employed by any of the parties, but are retained only to provide translations of material designated as CONFIDENTIAL, having first executed an Agreement To Be Bound By Protective Order in the form attached hereto as Exhibit A;

(g) Potential witnesses with percipient knowledge of facts relevant to the action to whom disclosure is reasonably necessary and who have first executed an Agreement To Be Bound By Protective Order in the form attached hereto as Exhibit A; and

(h) The Court and its officers, including deposition and trial court reporters and translators, provided that any written submission to the court that discloses Protected Material shall be filed under seal as set forth in Paragraph 26 of this Order.

9. Material designated "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" under paragraph 5 above may be disclosed only to those persons enumerated in paragraphs 8(a), 8(c), 8(d), and 8(h). Additionally, HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY material may be disclosed to deponents noticed by the parties, if the deponent is an author or recipient of the Protected Material, previously was granted access to or had knowledge of the Protected Material (as demonstrated by the Protected Material itself or by testimony), or the producing party consents to disclosure.

10. All information to be disclosed orally (such as at a deposition) shall be automatically designated as "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" for a

period of twenty (20) business days from the date the final deposition transcript becomes available. Thereafter, the information contained in the deposition transcript will no longer be deemed "HIGHLY CONFIDENTIAL- ATTORNEY EYES ONLY" unless: (1) counsel for the producing party claims in good faith that the deposition transcript (or a specified portion of it) should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY," in a writing sent to counsel for the receiving party before the expiration of the twenty-day period; or (2) at the deposition, counsel for the producing party stated on the record that certain portions of the deposition transcript will contain information that should be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY."

11. All material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY shall be maintained in strict confidence by the receiving party and used solely for the prosecution or defense of the claims in the Action and shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, including patent prosecution. For documents and tangible things, these restrictions shall apply to the documents and tangible things themselves as well as any information contained therein. Counsel of record and the parties hereto shall take reasonable steps necessary to maintain such CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY material in confidence and prevent persons from using, disclosing, or recording the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY material except as permitted by this Order.

12. Each page of each document produced in discovery shall, to the extent practicable, bear a prefix identifying the producing party and a unique identifying number.

Likewise, each discrete unit of each tangible item produced in discovery shall, to the extent practicable, also bear a prefix identifying the producing party and a unique identifying number.

13. If any receiving party desires to give, show, make available or communicate material designated as "CONFIDENTIAL" by the producing party to any independent expert or trial consultant pursuant to Paragraph 8(d) above, the expert or consultant must execute an Agreement To Be Bound By Protective Order in the form attached hereto as Exhibit A. If any receiving party desires to give, show, make available or communicate material designated as "HIGHLY CONFIDENTIAL -- ATTORNEY EYES ONLY" by the producing party to any independent expert or trial consultant pursuant to Paragraph 8(d) above, the expert or consultant must execute an Agreement To Be Bound By Protective Order in the form attached hereto as Exhibit A and provide a curriculum vitae that, in good faith, attempts to identify at least all other present and prior employments or consultancies of the expert. Copies of the signed Agreement To Be Bound By Protective Order and curriculum vitae shall be forwarded promptly to counsel for the producing party. The producing party shall have ten (10) business days from receipt of such notice to object to disclosure of the material designated as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" to any of the experts so identified and setting forth the reason for the objection. The parties shall attempt to resolve any objections informally. If the objections cannot be resolved, the objecting party, if it desires to prevent disclosure of the material designated as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" to the expert, must move for Order of the Court prohibiting such disclosure. The party objecting to the disclosure shall move the Court for this relief within ten (10) business days from the time the parties reach an impasse and are unable to resolve the objections informally. No material designated as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" may be disclosed to the expert or

consultant until such time as the producing party's objection to disclosure is resolved, either informally between the parties or by Order of the Court.

14. Protected Material may be used, relied upon and referred to in any testimony or other evidence presented at any trial, hearing or deposition conducted in connection with the disputes between or among the parties to this Action, so long as the person presenting such testimony or evidence is authorized to have access to such information under the terms of this Order, and subject to any further order of this Court regarding confidentiality. The parties shall attempt to resolve any objections to the use of Protected Material at trial prior to the final pretrial conference.

15 This Order shall not limit a party's examination, at a deposition, hearing or at trial, of persons who are not authorized to receive Protected Material under the terms of this Order, so long as such examination concerns Protected Material that the witness authored or previously had access to or knowledge of, as demonstrated by the Protected Material itself or by foundation or rebuttal testimony during a deposition, hearing or trial. This Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether he or she authored or previously had access to or knowledge of any Protected Material.

16. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of Protected Material; provided, however, that in rendering such advice the attorney shall only disclose Protected Material in accordance with the terms hereof.

17. This Order shall not foreclose any party from moving for an order that materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" are not confidential. Prior to bringing such a motion, however, the receiving party shall first

-7-

request in writing that the producing party change or remove its confidentiality designation. If the producing party refuses to change its confidentiality designation within ten (10) business days, or within a reasonable period prior to the time that the receiving party needs to file the material if the party seeks to file the material in less than ten (10) business days, the receiving party may move for an order changing or removing the designation. On such a motion, the producing party shall have the burden of proving that the material at issue was properly designated.

18. If a producing party inadvertently or mistakenly produces CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEY EYES ONLY discovery material without designating it as such, the producing party shall promptly after discovery of the inadvertence or mistake notify the receiving party and along with the notice, the producing party shall provide properly designated documents and/or tangible items, if applicable. Upon receipt of the properly designated documents and/or tangible items, the receiving party shall substitute those copies for those previously received, treat the information contained in or derived from said replaced documents and/or tangible items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY," and within (10) business days of receipt shall return the replaced documents or tangible things to the producing party, or destroy them and certify such destruction in writing. Return or destruction of the undesignated copies does not prevent the receiving party from moving for an order that the designated material is not confidential pursuant to Paragraph 17.

19. Should any Protected Material be disclosed by a receiving party to any person not authorized to have access to such information under this Order, the receiving party shall: (a) use its best efforts to obtain the prompt return of any such information and to bind such person to the

terms of this Order; (b) within three (3) business days of the discovery of such disclosure, inform such person of the provisions of this Order and identify such person to the producing party; and (c) request such person to sign an undertaking in the form of Exhibit A attached hereto. If executed, the undertaking shall be served upon counsel of record for the producing party within three (3) business days of its receipt by the receiving party. The requirements set forth in this Paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

20. The provisions of this Order shall be available to non-parties who are required to produce confidential information in response to a subpoena, and who in good faith believe that such material contains confidential information. Any party to this action or a non-party may designate information produced by the non-party as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY within fifteen (15) business days of receipt of the information produced by the non-party. During the fifteen-day period, such information shall be deemed HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY material. If no such designation is made within the fifteen-day period, such information shall not be considered CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY material, except for designations inadvertently omitted which may be corrected by written notification as set forth in Paragraph 18.

21. Nothing in this Order shall be construed to require disclosure of information, documents or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity. A producing party may produce a redacted version of information, documents or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the work

product doctrine or any other applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation "REDACTED-PRIVILEGED," or another suitable designation.

22. If a producing party produces information, documents or tangible items in this Action that should have been withheld subject to a claim of attorney-client privilege or work product immunity, such production shall presumptively not prejudice such claim, and the production will not constitute a waiver of any claim of attorney-client privilege or work-product immunity for such information, provided that the producing party promptly upon discovery of the production of the materials over which a privilege is asserted (the "Identified Materials") notifies the receiving party of the production of the Identified Materials and the producing party's desire to retract the production of such materials. Within three (3) business days of receiving a written request to do so from the producing party, the receiving party shall return the Identified Materials to the producing party, or destroy and certify such destruction in writing, the Identified Materials. The receiving party shall also destroy all copies or summaries of, or notes relating to the Identified Materials. The receiving party shall not reveal the contents of the Identified Materials to anyone who was not already aware of the contents before the notice was made. This Order shall not preclude the party returning such information from making a motion to compel production of the returned information, nor shall this Order preclude any party from arguing in connection with such a motion that any of the Identified Materials are not privileged or protected from disclosure, but the basis for such a motion may not be the fact or circumstances of the production. The producing party shall retain copies of all returned documents and tangible items for further disposition and, if requested by the Court, shall provide copies to the Court of the documents, items or information which are the subject of the motion for in camera review.

-10-

The producing party will also provide a privilege log with information required pursuant to the applicable law and rules and including information regarding the time, date, and subject of each of the Identified Materials, and the basis for the privilege. Such log will be provided within ten (10) business days after the notice of the Identified Materials is provided to the receiving party.

23. If the discovery process calls for the production of information, documents or tangible items that a party cannot produce because its disclosure would breach an agreement with a third party to maintain such information in confidence, the producing party shall advise the putative receiving party of: (a) the type of information being withheld; and, to the extent permitted by the agreement with the third party, (b) the name of the third party. The requested information shall not be produced unless the third party consents to its production or the requesting party secures a court order compelling production.

24. The restrictions and obligations set forth in this Order relating to Protected Material shall not apply to any information that: (a) the parties agree, or the Court rules, is already public knowledge; (b) the parties agree, or the Court rules, has become public knowledge other than by a disclosure by a receiving party; or (c) has come or hereafter comes into the receiving party's legitimate possession without any confidentiality restrictions and independently of the producing party. The restrictions and obligations set forth in this Order shall not prohibit discussions with any person or entity regarding any Protected Material if said person or entity already has legitimate possession thereof.

25. In the event that a receiving party desires to provide access to Protected Material to any person not entitled to such access under this Order, the receiving party shall first request in writing an agreement to do so from the producing party. If the producing party refuses to enter into such an agreement within ten (10) business days, the receiving party may move the

-11-

Court for an order that such person be given access thereto. In the event that the motion is granted, such person may have access to Protected Material after forwarding to counsel for the producing party a copy of the person's signed Agreement To Be Bound By Protective Order in the form attached hereto as Exhibit A, or under such other conditions as the parties to this Action may agree or this Court may order.

26. Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY shall be filed with the Court under seal, pursuant to the procedures for filing documents under seal for Electronic Case Filing (ECF) for the United States District Court, Southern District of New York. To the extent that the definition of CONFIDENTIAL or HIGHLY CONFIDENTIAL conflicts with the court's requirements related to when documents may be filed under seal, the party seeking to file the material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL will notify the producing party and the parties will meet and confer in good faith and follow the procedure outlined in paragraph 17.

27. Any party may at any time seek modification of this Order or may challenge the propriety of a designation, by agreement, or failing agreement, by motion to the Court, pursuant to the federal and local rules.

28. Each person who receives any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY material in accordance with any provision of this Order hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of, this Order.

29. This Order shall survive the termination of this Action.

30. After final termination of this Action, including any appeals, counsel for the parties may retain one archival copy of deposition transcripts, deposition exhibits, Court

transcripts, Court exhibits, and other submissions to the Court, including any Protected Material contained therein. Within sixty (60) days after final termination of this Action, including any appeals, all additional Protected Material of a producing party in the possession, custody or control of a receiving party - or in the possession, custody or control of any person allowed access to such information pursuant to this Order - must either be: (a) returned to counsel for the producing party; or (b) destroyed and such destruction certified in writing to counsel for the producing party.

31. This Stipulated Protective Order is not binding on the Court or Court personnel. The Court reserves the right to amend this Protective Order at any time.

IT IS SO ORDERED.

This _____ day of _April_, 2014.

Honorable Thomas P. Griesa
United States District Judge

-13-

We hereby consent to the form and entry of the foregoing Order.

For Plaintiff/Defendant-on-Counterclaim,
Demandware, Inc.

*/s/ Robert Cultice /SIC*

Robert Cultice
Marissa Eisenberg
WilmerHale LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

Dated: March 27, 2014

For Defendant/Plaintiff-on-Counterclaim The
Finish Line USA, Inc.:

*/s/ Gordon W. Schmidt/ CSS*

Gordon W. Schmidt (Admitted Pro Hac Vice)
McGuireWoods LLP
625 Liberty Avenue, 23rd Floor
Pittsburgh, Pennsylvania 15222
(412) 667-6000

Suzanne Amy Spencer
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, NY 10105-0106
(212) 548-7004

Dated: March 26, 2014